**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALCOM, INC., | : |
| Plaintiff, | :     **OPINION** |
| | :     No. 2:13-cv-3025-WHW-CLW |
| v. | : |
| VINCENT VELLARDITA, TERESA VELLARDITA, BRIDGEPORT ENTERPRISES, INC., INGRID CLAVIJO, FRANK O'DONNELL, NALINKANT AMRATLAL RATHOD, RAHUL NALIN RATHOD, JOHN DOES 1-10, JANE DOES 1-10, ABC COMPANIES 1-10, | : |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiff moves for reconsideration of this Court's opinion and order granting in part and denying in part Defendants' motion to dismiss. The Court has considered the submissions of the parties and decides this matter without oral argument under Federal Rule of Civil Procedure 78. The motion is granted. Count VI of the complaint is reinstated. The dismissal of Count VIII (incorrectly labeled Count VII) of the complaint is revised to be without prejudice.

### FACTUAL AND PROCEDURAL HISTORY

On April 23, 2014, this Court granted in part and denied in part Defendants' motion to dismiss the complaint. Op. on Mot. to Dismiss (ECF No. 32). The relevant facts of this case are fully set forth in that opinion and are repeated here only to the extent they are pertinent. In sum, the Court dismissed without prejudice Count I of the complaint, federal RICO; dismissed without prejudice Count II, common law fraud, as against Defendants Bridgeport Enterprises, Inc., Nalinkant Amratlal Rathod and Rahul Nalin Rathod; dismissed with prejudice Count VI, breach

NOT FOR PUBLICATION

of duties of an employee, Ingrid Clavijo; dismissed with prejudice Count VIII (mislabeled Count VII), breach of the covenant of good faith and fair dealing by Vincent Vellardita; dismissed without prejudice Count X (mislabeled Count IX), negligence; and denied the motion in all other respects. *See* Order Granting in Part and Denying in Part Mot. to Dismiss (ECF No. 33). The Court also rejected Plaintiff's motion to amend the complaint for failure to attach a proposed amended complaint. Op. on Mot. to Dismiss at 9.

On May 7, 2014, Plaintiff timely filed this motion for reconsideration. Pl.'s Mot. for Recon. (ECF No. 34). Plaintiff asks the Court to reconsider its dismissal of the two counts it dismissed with prejudice, Counts VI and VIII, citing the "need to correct a clear error of law or fact to prevent manifest injustice." *Id.* at 1.[1]

**STANDARD OF REVIEW**

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). "A motion for reconsideration is properly treated as a motion under Rule 59(e), F. R. Civ. P., to alter or amend the judgment." *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985).

Reconsideration motions will only be granted (1) where an intervening change in the law has occurred, (2) where new evidence not previously available has emerged, or (3) to correct a clear error of law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann v.*

---

[1] Defendant opposed and Plaintiff replied. Defendant complains via letter to the Court that Plaintiff filed its reply without first receiving permission to do so as required by Local Civil Rule 7.1(d)(3) and that the brief exceeds the page limit in Local Civil Rule 7.2(d). Letter of J. Balestriere, June 12, 2014 (ECF No. 38). The Court granted Plaintiff verbal permission to file the 20-page brief via telephone on June 9, 2014. *See* Pl.'s Reply at 1 n.1 (ECF No. 37).

**NOT FOR PUBLICATION**

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Local Rule 7.1(i) "does not permit a Court to rethink its previous decision." *Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. App'x 571, 575 (3d Cir. 2003). *See also Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation and quotation marks omitted)).

Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2013). Reconsideration is an "extraordinary remedy" and should only be granted "sparingly." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352-53 (D.N.J. 2001). A motion for reconsideration is considered "granted" when the district court "thoroughly reconsider[s] its previous ruling," even if it reaches the same outcome. *Pena-Ruiz v. Solorzano*, 281 Fed. App'x 110, 111 n.1 (3d Cir. 2008).

In Local Rule 7.1(i), "[t]he word 'overlooked' is the operative term." *Lentz v. Mason,* 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (citation omitted). Ordinarily, a court may reconsider its previous ruling only if "controlling decisions of law . . . were presented to the court but not considered on the original motion." *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (citation omitted). *See Dunkley v. Mellon Investor Servs.*, 378 Fed. App'x 169, 172 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration where the "arguments in [plaintiff's] motions to reconsider either were already raised and addressed. . . or could have been raised"). The rationale behind the focus on facts and law which the court "overlooked" is to

**NOT FOR PUBLICATION**

"encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions." *Tucker v. I'Jama*, No. 04-0277 (WHW), 2008 WL 170032, at *2 (D.N.J. Jan. 16, 2008) (citation and quotation marks omitted).

Under the third rationale, clear error or manifest injustice, reconsideration is proper if the contested holding (1) was "without support" in the case law or (2) would create "manifest injustice" if not addressed. *Leja*, 743 F. Supp. 2d at 456 (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008) (explaining the clear error standard); *see also N. River Ins.*, 52 F.3d at 1218 (explaining the standard for appellate review of a denial of reconsideration). Just what constitutes "manifest injustice" is not well defined by the Third Circuit, but courts in this district have noted that other circuits look to the Black's Law definition: an error in the trial court that is "direct, obvious, and observable." *See, e.g.*, *Antonio-Villalba v. Hollingsworth*, No. 12-cv-7779 (RMB), 2013 WL 5592367, at *2 (D.N.J. Oct. 10, 2013) (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed.1999))). "[A] district court has considerable discretion to decide whether reconsideration is necessary to prevent manifest injustice." *Disability Rights N. J., Inc. v. Velez*, No. 05-cv-4723 (AET), 2010 WL 5055820, at *2 (D.N.J. Dec. 2, 2010). Reconsideration, even without facts or law which the court overlooked, "may be appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 837, 840 (D. Del. 2011) (citation omitted).

**NOT FOR PUBLICATION**

## DISCUSSION

### I.   Count VI, Breach of Duties of an Employee, Ingrid Clavijo

The complaint alleges that Defendant Clavijo "violated the duty of loyalty that she owed to the Company as an employee." Compl. ¶ 218. Defendants moved to dismiss this claim because no such cause of action exists under Florida law. Defs.' Mot. to Dismiss at 37 (citing *Hardick v. Homol*, 795 So.2d 1107 (Fla. App. 5 Dist. 2001) (ECF No. 11-1). Plaintiff responded:

> In fact, Florida imposes a duty of loyalty on an employee, defining the duty as one of "fiduciary duty of loyalty," stating that a "breach of fiduciary duty requires proof of (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damages proximately caused by the breach."

Pl.'s Opp'n at 28 (quoting *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1338 (S.D. Fla. 2011)). Plaintiff then argued that the fiduciary relationship could be either express or implied and that it was premature to dismiss the claim against Clavijo without any facts about "the specific factual circumstances and the relationship of the parties." *Id.* at 28-29.

The Court in its April 23, 2014 opinion held that the law of Delaware, not Florida, applies to ValCom's fiduciary duty claims because the company is incorporated there. Op. on Mot. to Dismiss at 22. The Court dismissed the claim against Clavijo with prejudice because it found that the employee duty of loyalty does not exist. *Id.* at 26. In passing, the Court noted that, under Delaware law, a "non-fiduciary may be liable for 'aiding and abetting' a fiduciary's breach of duty if she 'knowingly participates' in the breach." *Id.* at 24-25 (citing *Gatz v. Ponsoldt*, 925 A.2d 1265, 1275 (Del. 2007)).

Plaintiff argues that the Court erred because all employees owe a duty of loyalty to their employers and that the Court should have analyzed the duty owed by all employees, not just fiduciaries. Pl.'s Mot. for Recon. at 1-4. The motion for reconsideration cites case law as well as the Restatement (Third) of Employment Law § 8.01 and Restatement (Third) of Agency § 1.01.

**NOT FOR PUBLICATION**

*Id.* at 2-3. Defendant in response does not respond to Plaintiff's substantive arguments, arguing simply that the motion falls short of the standard for reconsideration. Defs.' Opp'n to Pl.'s Mot. to Recon. at 6-8 (ECF No. 35).

    a) **The Court Erred in Analyzing Count VI as a Fiduciary Duty Claim Only.**

        The thrust of Plaintiff's argument is that Count VI alleges breach of the duty which an employee owes an employer or an agent owes a principal, not which a fiduciary owes: "the proper analysis was not whether Clavijo had a 'fiduciary' duty, but whether she had a 'duty of loyalty' to Valcom." Reply at 18 (ECF No. 37). Plaintiff is correct that Count VI of the complaint contains "no specific reference to breach of any 'fiduciary duty.'" *Id.* at 4. Of course, it was Plaintiff's own opposition to Defendants' motion to dismiss which laid out the elements for the loyalty claim against Clavijo as requiring, first and foremost, "existence of a fiduciary duty." Pl.'s Opp'n at 28 (quoting *Silver*, 760 F. Supp. 2d at 1338). (The Complaint does not allege that Clavijo had a fiduciary duty.) The decisions which Plaintiff cited in that submission do not deal with an employee's duty of loyalty to an employer, but rather a lender's fiduciary duty to a borrower. *Id.* (citing *Silver*, 760 F. Supp. 2d at 1338 (finding that the lender had no such duty) and *First Nat. Bank & Trust Co. of Treasurer Coast v. Pack*, 789 So. 2d 411, 414 (Fla. Dist. Ct. App. 2001) (finding that the lender had a duty)).

        These cases are not on point. On reconsideration, Plaintiff is unable to point to any controlling case law which was presented to this Court but overlooked, instead citing cases and restatement sections which it had not previously introduced. Pl.'s Mot. for Recon. at 1-4. In that sense, the motion for reconsideration is inappropriate because it relies on arguments which "could have been raised." *Dunkley*, 378 Fed. App'x at 172. Nevertheless, Plaintiff is correct that the complaint is cast in terms of the general duty of loyalty owed by an employee. For that reason, it was wrong to analyze the claim only as breach of a fiduciary duty.

NOT FOR PUBLICATION

**b)  The Court Will Apply New Jersey Law to the Employee Duty of Loyalty Claim**

Neither side's submissions on reconsideration address the choice of law issue. Initially, Plaintiff accuses the Court of improperly applying Florida law, while arguing that its pleading is adequate under the law of either Florida or New Jersey. Pl.'s Mot. for Recon. at 2. On reply, Plaintiff acknowledges that the Court's earlier opinion applied Delaware law but argues that it should have recognized the cause of action under that law as well. Reply at 18 (ECF No. 37).

A federal court with diversity jurisdiction applies the choice of law principles of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). In New Jersey, the relevant test is the "most significant relationship" test of the Restatement (Second) of Conflict of Laws, which has two steps: checking for an "actual conflict" and determining the "most significant relationship." *P.V. v. Camp Jaycee*, 197 N.J. 132, 142-44 (2008). If there is no conflict or only a "false conflict," the substantive law of the forum state applies. *Id.* § 31; *Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997). If there is an actual conflict, the court determines which jurisdiction has the "most significant relationship to the claim." *Camp Jaycee*, 197 N.J. at 143.

The Court in its previous opinion concluded that Delaware law applied to the claims of fiduciary duty against ValCom's directors and officers because ValCom is a Delaware corporation. Op. on Mot. to Dismiss at 22. Because Clavijo was not a director or officer of ValCom, there is no presumption that the proper law to apply is the law of the state of incorporation. The states whose laws might plausibly apply are New Jersey and Florida.

The Restatement of Conflicts says that "[t]he rights and duties of a principal and agent toward each other are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the parties and the transaction" under the principles of §§ 6, 187 and 188. Rst. (2d) of Conflict of Laws § 291 (1971). As the comments to

**NOT FOR PUBLICATION**

that section explain, "When the agent is employed to do a number of acts on the principal's behalf in a single state, the local law of this state will usually" apply "in the absence of an effective choice of law by the parties." *Id.* cmt. f.

The parties have not provided much factual detail regarding the nature of the relationship between Plaintiff and Defendant Clavijo, except that she resides in Florida and was "employed by ValCom as an administrative assistant to Defendant Vince Vellardita." Compl. ¶¶ 13, 68. It is not clear, as example, whether she worked under a contract or where her workplace was. Presumably if she resides in Florida she worked for ValCom there, but the complaint does not say, and where the agent is employed is the key factor in determining choice of law for an agency relationship. Rst. (2d) Conflicts § 291 cmt. f. The court does not have before it facts sufficient to decide which state had the most significant relationship to Clavijo's employment. *See Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 705 (D.N.J. 2011) (finding the record insufficiently developed to conduct the choice of law analysis for a contract claim, "a very fact-intensive inquiry"). The Court withholds its choice of law determination and looks to the law of the forum, New Jersey, for purposes of this motion only.

**c) Plaintiff Has Stated a Claim that Defendant Clavijo Breached her Employee Duty of Loyalty**

Stated generally, New Jersey courts find that all employees owe to their employers a duty of loyalty which "consists of certain very basic and common sense obligations," including that she must not "act contrary to the employer's interest." *Lamorte Burns & Co., Inc. v. Walters*, 167 N.J. 285, 302 (2001). Often, an allegation of breach involves a current employee who sets up a competing business, assists a competitor, or engages in self-dealing, but the claim is "fact-sensitive" and can apply in contexts "so varied that they preclude the mechanical application of abstract rules of law." *Cameco, Inc. v. Gedicke*, 157 N.J. 504, 516 (1999). One factor to consider

NOT FOR PUBLICATION

is what role the agent plays for the principal, because "[e]mployees occupying a position of trust and confidence, for example, owe a higher duty than those performing low-level tasks." *Id.* The *Cameco* decision cites favorably to the Restatement (Second) of Agency, which teaches that an agent bears "a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency," *id.* § 387, "a duty not to act on behalf of an adverse party in a transaction connected with his agency without the principal's knowledge," *id.* § 391, and "a duty not to act or to agree to act during the period of his agency for persons whose interests conflict with those of the principal in matters in which the agent is employed," *id.* § 394.

In *Cameco*, defendant Gedicke was an employee of plaintiff corporation, which distributed food products, but was "not an officer, director or shareholder." 157 N.J. at 514. While employed as a "traffic manager" for Cameco, the defendant and his wife set up a corporation which made money in part by "commingling" Cameco's shipments with those of its competitors. *Id.* at 511-12. The Supreme Court of New Jersey summarized the scenario as a case in which "a salaried employee, while working for his employer, supplemented his income by establishing a business that, although it did not compete directly with his employer, may have assisted certain of the employer's competitors." *Id.* at 514-15. In reinstating the dismissal of the duty of loyalty claim and remanding the case, the Supreme Court encouraged the trial court to consider that one fact "suggesting that Gedicke did not breach his duty of loyalty [is] that he was a low- or mid-level salaried employee." *Id.* at 518.

In *Lamorte Burns*, two employees methodically gathered confidential information from their employer with an eye to starting their own competing venture. 167 N.J. at 303. The Supreme Court of New Jersey affirmed a trial court's finding that this violated the duty of

**NOT FOR PUBLICATION**

loyalty, which "prohibits the employee from taking affirmative steps to injure the employer's business." *Id.* at 305.

Here, Plaintiff accuses Defendant Clavijo of assisting Defendant Mr. Vellardita and others "in the formation and operation of a fraudulent enterprise and scheme to divert business, income, profits and assets for financial gain to themselves individually . . . to ValCom's substantial detriment." Compl. ¶ 13. One way that she did so, allegedly, is by fraudulently signing Board Resolutions and meeting minutes as if she were a Director, which she was not. *Id.* ¶¶ 68, 134, 217. The complaint thus contains an allegation of self-dealing by Defendant Clavijo as well as acts "contrary to the employer's interest." Though she was by all accounts a low-level employee, this suffices as a plausible claim that she breached the duty of loyalty that she owed to her employer.

### d) Conclusion

On reconsideration, Count VI of the complaint is reinstated.

## II. Count VIII, Breach of the Covenant of Good Faith and Fair Dealing by Mr. Vellardita

In its previous opinion, the Court found that Count VIII (mislabeled Count VII) of the complaint was redundant of other claims, including breach of contract and fiduciary duty, and dismissed it with prejudice. Op. on Mot. to Dismiss at 28. ValCom asks the Court to reconsider.

In its motion to dismiss, Defendants urged the Court to dismiss this claim because Plaintiff had failed to submit a copy of Mr. Vellardita's employment contract. Defs.' Mot. to Dismiss at 32 (ECF No. 11-1). Plaintiff attached a copy of the agreement to its opposition. Certification of N. Flaster, Nov. 18, 2013, Ex. A (ECF No. 24). In those submissions, the parties did not engage with the substance of the claim and, without the benefit of relevant briefing, the Court considered whether Plaintiff's claim might lie under any of the three scenarios where New

**NOT FOR PUBLICATION**

Jersey courts recognize an implied covenant claim. Op. on Mot. to Dismiss at 28 (citing *Berlin Med. Assocs., P.A. v. CMI N.J. Operating Corp.*, A-3034-04T5, 2006 WL 2162435, at *9 (N.J. Super. Ct. App. Div. Aug. 3, 2006)). It found only the first scenario to be "plausibly applicable": the inclusion of "additional terms and conditions.'" *Id.* But it dismissed the claim without further analysis because "Plaintiff has not indicated that it is entitled to any relief under this claim not adequately covered by its claims for breach of contract, breach of fiduciary duty, and others." *Id.*

ValCom now argues that this claim is "not duplicative" because the harm Mr. Vellardita allegedly caused is "not satisfied solely by contract damages that flow from this breach," Pl.'s Mot. for Recon. at 8, and because the claim "stands on its own in conformance with the criteria set for such claims," *id.* at 9. It also argues that because the Court dismissed this claim on a basis not briefed by the parties, dismissal with prejudice was improper. *Id.* at 9-10; Pl.'s Reply at 11. Defendants in opposition again focus on the reconsideration standard, pointing out that Plaintiff has failed to point to any case which was presented to the Court but overlooked. Defs.' Opp'n to Mot. for Recon. at 9.

The Court affirms its prior opinion but will modify the dismissal to be without prejudice rather than with prejudice.

### a)  The Court Will Apply New Jersey Law to the Implied Covenant Claim

In its previous opinion, the Court held that the facts are not yet sufficiently developed to determine the choice of law with regard to this claim and so applied New Jersey law. Op. on Mot. to Dismiss at 27. That remains the case.

### b)  It Was Not Clear Error to Dismiss the Implied Covenant Claim as Redundant

Under New Jersey law, an implied covenant of good faith and fair dealing exists in all contracts, including employment contracts. *Nolan v. Control Data Corp.*, 243 N.J. Super. 420, 429 (App. Div. 1990). The Supreme Court of New Jersey has explained that in the

**NOT FOR PUBLICATION**

"straightforward case, the breach of the implied covenant arises when the other party has acted

consistent with the contract's literal terms, but has done so in such a manner so as to have the

effect of destroying or injuring the right of the other party to receive the fruits of the contract."

*Wade v. Kessler Inst.*, 172 N.J. 327, 345 (2002) (citing *Bak-A-Lum Corp. of Am. v. Alcoa Bldg.*

*Prods., Inc.*, 69 N.J. 123, 129 (1976)). The implied covenant may not override an express term of

a contract, but a party may also breach the implied covenant without breaching an express term.

*Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001) (citing *Sons of Thunder, Inc. v. Borden,*

*Inc.*, 148 N.J. 396, 419 (1997)). To state a claim for breach, plaintiff must allege defendant acted

with "bad motive or intention" to cause plaintiff to lose "the fruits of the contract." *Brunswick*

*Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 225 (2005) (citing

*Wilson*, 168 N.J. at 251 and *Sons of Thunder*, 148 N.J. at 420).

        As with the duty of loyalty, "myriad forms of conduct . . . may constitute a violation of

the covenant" and "[e]ach case is fact-sensitive." *Id.* "Good faith is a concept that defies precise

definition," but courts often consider the UCC definition: "honesty in fact and the observance of

reasonable commercial standards of fair dealing in the trade." *Id.* at 224 (citing N.J.S.A.

§ 12A:2-103(1)(b)). As example, "[a] plaintiff may be entitled to relief under the covenant if its

reasonable expectations are destroyed when a defendant acts with ill motives and without any

legitimate purpose," or "if it relies to its detriment on a defendant's intentional misleading

assertions." *Id.* at 226 (citations omitted). Courts in New Jersey regularly recognize the claim in

three specific scenarios: (1) to infer terms and conditions which "the parties must have

intended . . . because they are necessary to give business efficacy" to the contract, (2) "to allow

redress for the bad faith performance of an agreement even when the defendant has not breached

any express term," and (3) to allow redress for an abuse of discretion in performing under the

**NOT FOR PUBLICATION**

contract. *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 257 (App. Div. 2002) (quoting *N.J.*

*Bank v. Palladino*, 77 N.J. 33, 46 (1978) and citing *Sons of Thunder*, 148 N.J. at 420, and

*Wilson*, 168 N.J. at 250).

       An implied covenant cause of action is independent from the action for breach of

contract. *See, e.g.*, *Wade*, 172 N.J. at 340 ("A breach of the implied covenant of good faith and

fair dealing differs from a 'literal violation of a contract.'") (quoting *Bak-A-Lum Co.*, 69 N.J. at

130); *see also Berlin Med. Assocs., P.A. v. CMI N.J. Operating Corp.*, A-3034-04T5, 2006 WL

2162435, at *9 (N.J. Super. Ct. App. Div. Aug. 3, 2006) ("In general, our case law has

recognized an independent cause of action based upon the covenant of good faith and fair

dealing . . ."). Still, the claims are sometimes found redundant. The Supreme Court of New

Jersey has held that where "the two asserted breaches basically rest on the same conduct,"

namely failure to abide by provisions "expressly set forth" in the contract, "there can be no

separate breach of an implied covenant of good faith and fair dealing." *Id.* at 344-45. The state's

Appellate Division has affirmed the dismissal of an implied covenant claim because the claim

"rel[ied] on the same general factual allegations recited" in the breach of contract claim and none

of the "three scenarios" was satisfied: it found no basis to impute additional terms, the complaint

failed to "offer sufficiently extreme facts" to support a claim of bad faith, and plaintiff failed to

point to any contractual provisions that reposed discretion in the other party. *Berlin Medical*

*Associates*, 2006 WL 2162435, at *9-10. Courts in this district applying New Jersey law have

also dismissed implied covenant claims for these reasons. *See, e.g.*, *Cambridge Mgmt. Grp., LLC*

*v. Robert A. Kosseff & Assocs., P.C.*, No. 05-cv-3402 (JAP), 2007 WL 2084895, at *4 (D.N.J.

July 18, 2007) (dismissing sua sponte an implied covenant claim as "redundant" and

"duplicative" of contract claim, where Plaintiff based its covenant claim "on the same conduct

NOT FOR PUBLICATION

which constitutes its breach of contract claim."). Granted, those decisions hinged on findings that the allegations of bad faith were either absent (*Cambridge Management Group*) or not "sufficiently extreme" (*Berlin Medical Associates*). And the court in *Wade* cautioned that its "holding should not be understood as precluding [a plaintiff] in an appropriate case from pleading alternative claims." 172 N.J. at 346.

If a court cites relevant precedent, its decision is not "without support" in the case law. Though there were some differences in the facts and postures of those cases and this one, it was not clear error for this Court to rule that the implied covenant claim was redundant of the breach of contract claim and dismiss it.

### c) It Was Not Clear Error to Dismiss the Implied Covenant Claim Sua Sponte

Plaintiff also argues that, even if it was not clear error for the Court to hold as it did, it was clear error to dismiss Count VIII with prejudice based on a rationale which Defendant did not raise in its motion to dismiss, in effect denying Plaintiff "advance notice and an opportunity to respond." Pl.'s Reply at 11.

A district court has the power to sua sponte dismiss a pleading under Rule 12(b)(6). *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration and sua sponte dismissal of complaint on multiple grounds); *see also Bethea v. Nation of Islam*, 248 Fed. App'x 331, 333 (3d Cir. 2007). A district court also has discretion to strike "redundant . . . matter" and may do so "on its own" under Federal Rule of Civil Procedure 12(f).

Here, as noted, Plaintiff was on notice that the Court may dismiss its implied covenant claim and the Court cited relevant legal precedent when it did so.

**NOT FOR PUBLICATION**

**d)  Conclusion**

Upon reconsideration, the Court affirms its dismissal of Count VIII (mislabeled Count VII) of the complaint, but revises the dismissal to be without prejudice.

**CONCLUSION**

Plaintiff's motion for reconsideration is granted. Upon reconsideration, the Court revises its July 30, 2012 Opinion to reverse its dismissal with prejudice of Count VI of the complaint. The Court affirms its dismissal of Count VIII (mislabeled Count VII) of the complaint but revises the dismissal to be without prejudice.


Date:   July 1, 2014

**/s/ William H. Walls**
United States Senior District Judge
