UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALCOM, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>VELLARDITA, *et al.*,<br><br>                    Defendant. | Civ. No. 2:13-cv-3025-WHW-CLW<br><br>**REPORT & RECOMMENDATION** |

This matter comes before the Court on Plaintiff Valcom, Inc.'s ongoing failure to prosecute this case, failure to follow court order and failure to obtain counsel.

**BACKGROUND**

Plaintiff Valcom, Inc. filed this action in this Court on May 9, 2013. (*See generally* Compl., ECF No. 1). Plaintiff asserts against Defendants a federal RICO claim as well as common law fraud, breach of fiduciary duties, breach of employee's duties, breach of contract, breach of the covenant of good faith and fair dealing, civil conspiracy, negligence, and tortious interference with prospective economic advantage claims. (*Id.* ¶ 172-241).

Initially, Plaintiff was represented by counsel in this matter. On July 31, 2018, Plaintiff's counsel moved to withdraw his representation of Plaintiff. (ECF No. 48). The Court granted the Motion to Withdraw on August 17, 2018 and directed Plaintiff to retain new counsel for the corporation within 30 days. (ECF No. 49). In addition to granting the motion, the Court ordered a telephone conference to be initiated by Plaintiff on October 12, 2018. (*Id.*) The order cautioned Plaintiff that failure to retain new counsel would result in dismissal.

On October 12, 2018, Plaintiff failed to contact Chambers, and on June 4, 2019 the Court subsequently issued an order to show cause as to why the suit should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, failure to follow court

order and failure to obtain counsel. (ECF No. 51). On the schedule hearing date of June 25, 2019, Plaintiff failed to appear.

## DISCUSSION

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 Fed.Appx. 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L.Ed. 2d 734 (1962). Normally, courts look to the six factors articulated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1990) to determine if dismissal of a case is an appropriate remedy. "Where, however, a plaintiff refuses to proceed with a case or otherwise makes adjudication impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (citations omitted).

Here, Plaintiff has not taken any steps to prosecute this action after the withdrawal of counsel. The Court warned Plaintiff that this action would be dismissed should it fail to appear, but Plaintiff failed to appear or otherwise attempt to contact the Court despite this warning. Moreover, Plaintiff, a corporation, has failed to have counsel enter an appearance on its behalf as required since withdrawal of previous counsel nearly a year ago. *See Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1966) (corporations cannot represent themselves *pro se*).

"[I]n contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward," Plaintiff here has "willfully refused to prosecute [its]…claims[.]" *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). This Court has no doubts that Plaintiff has abandoned the matter altogether. Therefore, the Court may use its discretion to dismiss this action. *Id.*

## **CONCLUSION**

For the foregoing reasons, the Court recommends that this action be dismissed in its entirety with prejudice. Pursuant to Local Rule 72.1(c)(2), parties shall have 14 days from the date this report is filed with the Clerk of Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

Dated: July 1, 2019

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**
