**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VALCOM, INC.,** Plaintiff, v. **VELLARDITA**, *et al.*, Defendants. | Civ. Action No. 13-3025 (ES) (CLW) **ORDER** |

**SALAS, DISTRICT JUDGE**

Before the Court is a Report and Recommendation ("R&R") by the Honorable Cathy L. Waldor, U.S.M.J., recommending this matter's dismissal as a result of Plaintiff Valcom, Inc.'s ("Plaintiff's") failure to prosecute the case, follow Court orders, and obtain counsel. (D.E. No. 55).

Plaintiff initiated this action on May 9, 2013 against several members of Plaintiff's Board of Directors ("Defendants") for alleged self-dealing, conflicts of interest, and breach of fiduciary duties. (*See generally* D.E. No. 1 ("Compl.")). The Complaint asserts claims under the Racketeering Influence Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, common law fraud, breach of fiduciary duties, breach of employee's duties, breach of contract, breach of the covenant of good faith and fair dealing, civil conspiracy, negligence, and tortious interference with prospective economic advantage claims. (*Id.* ¶¶ 172–241).

In June of 2018, Plaintiff's counsel moved to withdraw his representation in the matter, which the Court granted. (D.E. Nos. 46–49). On August 17, 2018, the Court directed Plaintiff to retain new counsel within 30 days. (D.E. No. 49). Judge Waldor also ordered a telephone conference to be initiated by Plaintiff for October 12, 2018, cautioning that a failure to retain new

counsel would result in the action's dismissal. (D.E. No. 50). Plaintiff failed to contact Chambers as directed. Accordingly, on June 4, 2019, Judge Waldor issued an order to show cause as to why the suit should not be dismissed for failure to prosecute. (D.E. No. 51). A hearing on the order to show cause was scheduled for June 25, 2019. (*Id.*). Plaintiff failed to appear.

This Court reviews the Report and Recommendation under 28 U.S.C. § 636 and Local Civil Rule 72.1. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also* L. Civ. R. 72.1(c)(2). No objections have been raised to any part of the Report and Recommendation.

The Court has reviewed the full record in this matter and finds that the Report and Recommendation adequately develops the factual record and applies the correct legal standard. The R&R correctly states that a "District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)," and that the typical balancing factors used by a court to determine if dismissal is warranted do not apply when "a plaintiff refuses to proceed with a case or otherwise makes adjudication impossible." (R&R at 2 (quoting *Iseley v. Bitner*, 216 F. App'x 252, 254–55 (3d Cir. 2007) and *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012)).

The Third Circuit has recently instructed that a "District Court should provide a plaintiff with an opportunity to explain his reasons for failing to prosecute or comply with its orders before dismissal." *In re 40 Lakeview Drive, LLC*, No. 18-3181, 2019 WL 2613436, at *2 (3d Cir. June 26, 2019). Here, Plaintiff was given three opportunities to do so: (i) on October 12, 2018, when the Court ordered a telephone conference that Plaintiff failed to attend; (ii) on June 4, 2019, when

a hearing was scheduled for an order to show cause and Plaintiff failed to attend; and (iii) as an objection to the R&R, which Plaintiff did not file. The R&R rightly notes that there are "no doubts that Plaintiff has abandoned the matter altogether." (R&R at 2).

IT IS THEREFORE, on this 31st day of July, 2019,

**ORDERED** that the July 1, 2019 Report and Recommendation (D.E. No. 55) is hereby ADOPTED in full; and it is further

**ORDERED** that the Clerk of the Court mark this matter CLOSED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**